In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 25-1912

NAUTILUS INSURANCE COMPANY,

*Plaintiff-Appellee,*

*v.*

BEE QUALITY INC.,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:23-cv-16782 — **April M. Perry**, *Judge.*

———————————

ARGUED JANUARY 29, 2026 — DECIDED JULY 9, 2026

———————————

Before RIPPLE, LEE, and KOLAR, *Circuit Judges.*

LEE, *Circuit Judge.* After an unfortunate building accident caused the deaths of two individuals, the decedents' estates sued Bee Quality, a roofing contractor, in state court alleging negligence in repairing the building structure. Bee Quality Inc. tendered notice of the lawsuit to its insurance company, Nautilus Insurance Co. ("Nautilus"), seeking indemnification and defense in the state court proceedings.

This led Nautilus to file the present lawsuit seeking a declaratory judgment that it did not owe Bee Quality a duty to defend or indemnify because the insurance policy did not provide coverage for the state court claims. In response, Bee Quality counterclaimed that Nautilus's refusal constituted a breach of contract. After both sides filed motions for judgment on the pleadings, the district court granted Nautilus's motion and denied Bee Quality's. We affirm.

# I

## Background

Bee Quality purchased a commercial general liability insurance policy (the "Policy") from Nautilus. The Policy, which ran from February 8, 2022, to February 8, 2023, covered "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage.'" Dkt. 1-2 at 15. It also included coverage for Bee Quality's "completed operations." *Id.* at 29–30.

The Policy, however, did not cover all completed operations. The Prior Work Exclusion, an endorsement to the Policy, barred coverage for bodily injury or property damage arising out of any work Bee Quality completed before February 8, 2022. *Id.* at 56. According to the exclusion, Nautilus has "no duty to defend" against "any loss, claim, 'suit' or other proceeding" arising out of Bee Quality's work that was completed prior to that date. *Id.*

The Estate of Anthony Wright and the Estate of James Morris filed a complaint in Illinois state court (the "*Griffin*" lawsuit) against Bee Quality, among others, on February 24, 2023. Dkt. 1-1. The *Griffin* lawsuit alleges that on August 2, 2020, a windstorm caused damage to a structure in Chicago.

*Id.* at 15. At some point after the windstorm, Bee Quality performed repair work on the property. Dkt. 1 Exhibit A at 22–23. On April 12, 2022, after Bee Quality had performed the repairs, a building façade collapsed on Wright and Morris, resulting in their deaths. *Id.* The *Griffin* complaint alleges that Bee Quality had negligently performed repairs on the structure, which led to the injuries and death of Wright and Morris. *Id.*

Bee Quality tendered the *Griffin* complaint to Nautilus seeking indemnification and defense. Nautilus responded that it had no duty to provide either and commenced this suit seeking declaratory relief that the Prior Work Exclusion in the Policy bars any coverage for the *Griffin* suit. Bee Quality filed a counterclaim for breach of contract and sought a declaratory judgment that Nautilus owes Bee Quality a duty to defend and that the Prior Work Exclusion is unenforceable because it renders the Policy coverage illusory. Dkt. 11 at 15–17. Both parties moved for judgment on the pleadings. *Id.*

The district court granted Nautilus's motion for judgment on the pleadings and denied Bee Quality's motion. The court first rejected Bee Quality's argument that it must only look to the *Griffin* complaint in determining whether the Prior Work Exclusion applied. Instead, it pointed to Bee Quality's admission in its answer to Nautilus's complaint that the work was completed by December 2020 and, based on this, found that the Prior Work Exclusion barred relief. The district court also concluded that the Prior Work Exclusion did not make the completed-operations coverage illusory because it still provided "some" coverage and perhaps "a great deal of coverage."

## II

### Discussion

We review the district court's decision to enter judgment on the pleadings *de novo. Citizens Ins. Co. of Am. v. Wynndalco Enters., LLC*, 70 F.4th 987, 994 (7th Cir. 2023) (citation modified). We take "the facts alleged in the complaint as true and draw[ ] all reasonable inferences in favor of the plaintiff." *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011) (citation omitted). The parties agree that Illinois law governs this dispute. *See Liberty Mut. Fire Ins. Co. v. Statewide Ins. Co.*, 352 F.3d 1098, 1100 (7th Cir. 2003) ("Because this is a diversity case, we apply the law of Illinois as we believe the Illinois Supreme Court would apply it.").

On appeal, Bee Quality states that it "does not take issue" with the district court's decision to look outside the four corners of the *Griffin* complaint to analyze Nautilus's duty to defend. Thus, we express no view on whether the district court erred by doing so here.

On this record, we conclude that the Prior Work Exclusion removes coverage for bodily injury or property damage arising out of work Bee Quality completed prior to February 8, 2022. The claims alleged in the *Griffin* suit plainly arose out of work that, by Bee Quality's own admission, was completed in December 2020; therefore, under Illinois law, the Prior Work Exclusion applies unless the exclusion rendered the applicable coverage illusory. *See Lincoln Logan Mut. Ins. Co. v. Fornshell*, 722 N.E.2d 239, 243 (Ill. App. Ct. 1999) ("[C]ourts should construe a contract so that different provisions are harmonized," to avoid clauses that "contradict and swallow the entire … policy.").

In interpreting an insurance policy under Illinois law, our goal "is to give effect to the intent of the parties as expressed in the agreement." *Berg v. N.Y. Life Ins. Co.*, 831 F.3d 426, 428–29 (7th Cir. 2016) (quoting *DeSaga v. W. Bend Mut. Ins. Co.*, 910 N.E.2d 159, 163 (Ill. App. Ct. 2009)). Any provision that "excludes coverage must be construed liberally in favor of the insured and against the insurer." *DeSaga*, 910 N.E.2d at 164 (citing *United Serv. Auto. Ass'n v. Dare*, 830 N.E.2d 670, 678 (Ill. App. Ct. 2005)). "If the terms of an insurance policy are clear and unambiguous," however, "they must be given their plain and ordinary meaning and enforced as written, unless to do so would violate public policy." *Id.* at 163 (citing *Nicor, Inc. v. Associated Elec. & Gas Ins. Servs. Ltd.*, 860 N.E.2d 280, 286 (Ill. 2006)). This includes any applicable endorsements. *Strowmatt v. Sentry Ins.*, 175 N.E.3d 204, 212 (Ill. App. Ct. 2020) (citation omitted); *see also id.* (When there is conflict between the policy and the endorsement, "the endorsement prevails, at least where it is clear that the policyholder understood and accepted the language of the endorsement.").

We have previously held that, under Illinois law, "a court should construe a policy so as to harmonize its provisions and avoid reading an exclusion in such a way that it removes the coverage explicitly provided elsewhere in the policy." *Wynndalco*, 70 F.4th at 996. We do so because "[i]n some instances," two provisions in a policy read together can create an ambiguity such that "the exclusion appears to take away with one hand coverage that the policy purports to give with the other." *Id.* (citation modified).

Bee Quality argues that the district court contravened *Wynndalco* by failing to "harmonize [the Policy's] provisions and avoid reading an exclusion in such a way that it removes

the coverage explicitly provided elsewhere in the policy." In its view, Nautilus charged Bee Quality a premium for "unrestricted" completed-operations coverage, including coverage for "all of Bee Quality's past ten years of operations." Thus, it contends, limiting the coverage to only post-February 8 work would "swallow" the coverage, rendering it illusory and the Prior Work Exclusion unenforceable.

Since *Wynndalco*, Illinois appellate courts have taken a narrower view of the illusory coverage doctrine. Most prominently, the First District appellate court has held that "[i]t is only when the exclusion has the effect of 'swallowing' … the coverage *entirely* that the exclusion can be deemed illusory." *Nat'l Fire Ins. Co. of Hartford v. Visual Pak Co. Inc.*, 243 N.E.3d 888, 905 (Ill. App. Ct. 2023) (emphasis in original). Put another way, the court stated, "an insurer's interpretation of an exclusion will not be adopted if that interpretation would *altogether eliminate* … the coverage on which the insured relies." *Id.* at 906 (emphasis added). Indeed, "[i]nsureds may choose to limit their coverage and pay reduced premiums accordingly, but nobody would buy insurance that provides no coverage whatsoever." *Id.*; *see also Am. Country Ins. Co. v. Kraemer Bros., Inc.*, 699 N.E.2d 1056, 1062 (Ill. App. Ct. 1998) (finding that a policy covering only claims of strict liability was not illusory, even though it excluded claims for negligence and "there are fewer strict liability claims than negligence claims").

We ourselves have "acknowledged that the Illinois Appellate Court's decision in *Visual Pak* found that *Wynndalco* misapprehended Illinois law on this point." *Citizens Ins. Co. of Am. v. Mullins Food Prods., Inc.*, 135 F.4th 1082, 1092 (7th Cir. 2025), *as amended on denial of reh'g* (May 23, 2025) (citing *Thermoflex Waukegan, LLC v. Mitsui Sumitomo Ins. USA, Inc.*, 102 F.4th 438,

441 (7th Cir. 2024)). But, because the policy language in that case left "plenty of room for coverage," we found no need to "try to predict whether the Supreme Court of Illinois is more likely to follow *Visual Pak* than to follow *Wynndalco*." *Id.* (quoting *Thermoflex*, 102 F.4th at 441).

Just so here. As the policy in *Mullins Food Products*, Bee Quality's Policy leaves "plenty of room for coverage of the main insured hazards." *Id.* (quoting *Thermoflex*, 102 F.4th at 441). As Bee Quality admitted before the district court, despite the Prior Work Exclusion, the Policy still provides completed-operations coverage "for work completed by Bee Quality *after* the inception of the Nautilus Policy" on February 8, 2022. Dkt. 53 at 13 (emphasis added).

Nevertheless, Bee Quality argues that the parties could not have intended to limit coverage to only post-February 8 work because it was charged a premium well in excess of what such coverage would have cost in the marketplace. Even assuming the accuracy of this contention, we are exceedingly reluctant to disturb the arms-length negotiation of sophisticated parties. *See Nielsen v. United Servs. Auto. Ass'n*, 612 N.E.2d 526, 530 (Ill. App. Ct. 1993) (quoting 43 Am.Jur.2d *Insurance* § 462 (1982)) ("[P]arties may contract for whatever insurance coverage terms they desire."). As the Illinois Supreme Court has stated, "If the insurance policy's words are plain and unambiguous, the court will afford them their plain, ordinary meaning and apply them as written." *Zurich Am. Ins. Co. v. Infrastructure Eng'g, Inc.*, 248 N.E.3d 1072, 1082 (Ill. 2024); *cf. Acuity v. M/I Homes of Chi., LLC*, 234 N.E.3d 97, 105 (Ill. 2023) ("The court will not adopt an interpretation that rests on gossamer distinctions that the average person, for whom the policy is written, cannot be expected to understand.") (citation

modified). And, regardless of the purported incongruence in the Policy's coverage and the premiums paid, "courts may not rewrite language or add provisions to make the agreement more equitable." *Berryman Transfer & Storage Co. v. New Prime, Inc.*, 802 N.E.2d 1285, 1288 (Ill. App. Ct. 2004) (citation modified).

Bee Quality also argues that judgment on the pleadings was premature because it had not obtained discovery into Nautilus's underwriting and premium calculations. As a threshold matter, Bee Quality has not appealed the district court's orders on the Motion to Stay Discovery and Motion to Compel, so the rulings themselves are not properly before us. *Cf. Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 468 (7th Cir. 1999) (declining to review a separate order "because the plaintiffs did not file a notice of appeal from it.").

In any event, the discovery Bee Quality sought has no bearing on our analysis. The question of illusory coverage in Illinois is a question of law, ripe for judgment on the pleadings without additional discovery. *See Mashallah, Inc. v. W. Bend Mut. Ins. Co.*, 20 F.4th 311, 319 (7th Cir. 2021) (citing *Sanders v. Ill. Union Ins. Co.*, 157 N.E.3d 463, 467 (Ill. 2019)).

\*        \*        \*

For the foregoing reasons, the judgment is AFFIRMED.